IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JESSICA DURHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-00111** |
| | ) | **Judge Aleta A. Trauger** |
| **CLARITY DEBT RESOLUTION, INC. & ASPIRE LAW GROUP, PLLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM**

The defendants have filed a Motion to Dismiss Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") (Doc. No. 17). For the reasons set forth herein, the Motion will be denied.

## I. FACTS & PROCEDURAL HISTORY

Plaintiff Jessica Durham brings a claim under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, against defendants Clarity Debt Resolution, Inc. ("Clarity") and Aspire Law Group, PLLC ("Aspire") on behalf of herself and a putative class of those similarly situated.[1] (Compl., Doc. No. 1.) Durham seeks an order certifying her proposed class, damages, costs, an order that the defendants violated the TCPA, and an injunction requiring the defendants to cease unsolicited calls. (Compl. at 15.) Durham has also filed Exhibits (Doc. Nos. 10-1 through 10-4.) The defendants have filed the Motion under Rule 12(b)(6) of the Federal Rules of Civil

[1] The proposed "Pre-recorded No Consent Class" includes "[a]ll persons in the United States who from four years prior to the filing of this action through class certification (1) The Defendants[] called and/or any entity making calls on behalf of Defendants' (2) using an artificial or pre-recorded voice." (Compl. ¶ 63.)

Procedure, with a Memorandum (Doc. No. 18), to which the plaintiff has filed a Response (Doc. No. 23), and in further support of which the defendants have filed a Reply (Doc. No. 24). In the alternative to dismissal, the defendants "request that the Court dismiss the class allegations" and "stay merits discovery pending resolution of any amended pleading." (Doc. No. 17 at 2.)

Durham alleges that the defendants engaged in a "unified telemarketing campaign" to solicit customers for "debt-relief and loan-related services" using artificial or prerecorded voice messages. (Compl. ¶¶ 9–10.) Pursuant to this campaign, Durham alleges that, without her consent, between September 2025 and early February 2026, when she filed the Complaint, her cell phone received an unspecified number of calls and more than 150 "ringless voicemails," which deliver messages to a phone without the phone ringing. (*Id.* ¶¶ 18–20.) The calls and voicemails, which employed the "same prerecorded pitch," came from "rotating originating numbers." (*Id.* ¶ 23.) Durham answered one incoming phone call and returned three voicemails, all of which led to a similar intake procedure with one of three entities affiliated with Clarity: Alliant Solution Group, Reliant Solution Group, and Better Path Lending. (*Id.* ¶¶ 24–44.) For example, on September 29, 2025, Durham answered a phone call and "immediately heard an artificial or prerecorded voice promoting a 'loan offer,'" after which the call was transferred to "an agent with Alliant Solution Group d/b/a Defendant Clarity, who solicited plaintiff for debt-relief services." (*Id.* ¶¶ 25–26.) During the call, Alliant Solution Group "provided [Durham] enrollment information" and sent her emails about the debt-relief program it offered. (*Id.* ¶ 27 (citing Doc. No. 10-1).) In addition to information about debt-relief, the representative from Alliant Solution Group included, in an email to Durham, a retainer agreement from defendant Aspire. (*Id.* ¶ 28 (citing Doc. No. 10-1).) Durham's three calls returning voicemails she received involved similar intake procedures, similar emails, and a retainer from Aspire. (*Id.* ¶¶ 34–44; Doc. Nos. 10-2, 10-3, 10-4.) On the basis of

these allegations, Durham brings a one-count complaint alleging that the defendants violated the TCPA. (Compl. ¶¶ 69–72.)

## II. LEGAL STANDARDS - RULE 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the complaint's legal sufficiency. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020) (quoting Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57. A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But a complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). In ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded allegations as true, construes the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Eastep v. City of Nashville*, 156 F.4th 819, 826 (6th Cir. 2025) (citing *Courtright v. City of Battle Creek*, 839 F.3d 513, 517 (6th Cir. 2016)), *cert. denied sub nom. Eastep v. Carrick*, 146 S. Ct. 1816 (2026).

When presented with a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## III. DISCUSSION

The TCPA provides, in relevant part, that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); *see Fluker v. Ally Fin., Inc.*, No. 24-1023, 2025 WL 1827747, at *2 (6th Cir. July 2, 2025) (explaining that the TCPA "prohibits calling a cell phone using 'any automatic telephone dialing system or an artificial or prerecorded voice' absent an emergency or the called party's express consent." (quoting 47 U.S.C. § 227(b)(1)(A))). To state a claim under 47 U.S.C. § 227(b), a plaintiff must plausibly allege that "(1) a call was placed to a cell or wireless telephone, (2) by the use of any automatic dialing system and/or leaving an artificial or recorded message, and (3) without prior consent of the recipient." *Wilson v. Nissan N. Am., Inc.*, No. 3:25-cv-01042, 2026 WL 1081151, at *4 (M.D. Tenn. Apr. 21, 2026) (Campbell, C.J.) (quoting *Boyd v. Gen. Revenue Corp.*, 5 F. Supp. 3d 940, 954 (M.D. Tenn. 2013) (Haynes, C.J.)). The court will address the defendants' three arguments for dismissal as well as the defendants' request that the court strike the Complaint's class allegations.

### A. Vicarious Liability

Violations of the TCPA can be based on direct or vicarious liability. *Dobronski v. Winred, Inc*, No. 2:24-cv-12513, 2026 WL 2168723, at *9 (E.D. Mich. July 28, 2026) (citing *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015)); *see also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1198 (M.D. Tenn. 2017) (Crenshaw, C.J.) ("While the text of the TCPA attaches liability to the person that 'makes' the call, the FCC has interpreted the Act to reach 'sellers' who can be held liable for the acts of 'a third-party marketer

. . . under federal common law principles of agency.'" (quoting *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 ¶ 1 (2013)) (alteration adopted) (footnote omitted)).

The defendants argue that they are not directly liable for the calls or voicemails Durham received. (Doc. No. 18 at 7–9.) The plaintiff does not respond to the defendants' direct liability argument, so the court will not discuss it. Instead, the plaintiff argues that the Complaint pleads vicarious liability and that the defendants improperly "attempt to shift blame to unnamed vendors." (Doc. No. 23 at 5.) In the defendants' opening brief, they do not address whether Clarity is vicariously liable for the calls and voicemails. (Doc. No. 18 at 9–11; *see, e.g.*, *id.* at 10 ("[T]he Complaint sets forth Plaintiff's vicarious liability theory against *Aspire* in sweeping terms, but it is composed almost entirely of legal conclusions dressed in factual language." (emphasis added)); *id.* at 11 ("[T]he vicarious liability claim against *Aspire* must be dismissed." (emphasis added)).) [2] Moreover, the defendants appear to concede that the plaintiff engaged with the defendants as a direct result of answering or responding to some of the at-issue calls and voicemails. (*See id.* at 15 (noting that the Complaint alleges that the plaintiff "engaged with Defendants . . . on four separate occasions" (citing Compl. ¶¶ 24–44)).)

As for Aspire specifically, the defendants argue that the plaintiff has not set forth any agency theory according to which Aspire could be liable for the calls and voicemails. As the defendants put it, the "Complaint identifies no contract between Aspire and any calling entity, no directive from Aspire governing the content or timing of any call, and no payment or compensation arrangement connecting Aspire to the [voicemail] campaign." (*Id.* at 10.) That is, the defendants

[2] The defendants argue in their Reply that neither of them is vicariously liable for violations of the TCPA. (Doc. No. 24 at 3–4.) However, "arguments made for the first time in a reply brief are forfeited." *Grand v. City of Univ. Heights*, 159 F.4th 507, 516 (6th Cir. 2025) (citation omitted), *cert. granted*, 146 S. Ct. 2809 (2026).

argue, the Complaint "contains no factual allegations showing that Aspire knew prerecorded [ringless voicemails] were being delivered to unconsenting consumers without prior express written consent, let alone that it approved such conduct." (*Id.* at 11.)

Defendants may be found liable for violations of the TCPA "under common-law theories of actual authority, apparent authority, or ratification." *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-cv-12379-TGB-APP, 2025 WL 2659265, at *9 (E.D. Mich. Sept. 17, 2025) (quoting *Keating*, 615 F. App'x at 371). The plaintiff does not explain her theory of vicarious liability other than to state that, because Aspire's retainer agreement was transmitted by email during her calls with Clarity's representatives, and because Aspire "accepted and benefited from" the telemarketing leads that led to those calls, "[t]hese facts establish (a) actual authority (b) apparent authority (c) ratification." (Doc. No. 23 at 5 (citing (Compl. ¶¶ 28, 38, 41, 59).)

Durham received an unspecified number of nonconsensual calls and over 150 voicemails during Fall 2025 and early Winter 2026. Durham had three conversations with Clarity's representatives between September and November 2025, and during each she received Aspire's retainer agreement. (Compl. ¶¶ 24–28, 34–41.) On December 4, 2025, "Plaintiff provided Defendants' counsel with written notice of the unlawful campaign and provided documentation . . . , yet Defendants failed to suppress Plaintiff's number or stop the prerecorded [ringless voicemail] deliveries." (*Id.* ¶ 49.) Instead, despite her written notice to Aspire, Durham was contacted at least sixty more times before filing this action and received Aspire's retainer agreement, again, on December 13, 2025. (*Id.* ¶¶ 42–44, 49; *see* Doc. No. 10-4 at 5.) The court need not conduct a detailed agency analysis to conclude that, as alleged, Aspire ratified the allegedly unlawful telemarketing calls. *Cf. Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 218 (S.D.N.Y. 2024) ("Plaintiff's Complaint is bereft of any allegation from which one could

reasonably infer that Defendant knew or should have known that the telemarketers were violating the TCPA."); *Dobronski v. Winred*, 2026 WL 2168723, at *5 ("[A]t the summary judgment stage, a ratification theory would require at least a dispute of fact as to whether Defendants knew or should have known about the allegedly illegal text messages and manifested assent.").

### B. Group Pleading

Second, the defendants argue that the Complaint employs impermissible "group pleading." (Doc. No. 18 at 12.) That is, the defendants argue that the Complaint "lumps Clarity and Aspire together . . . without distinguishing the role of each." (Doc. No. 24 at 4.) The plaintiff does not clearly respond to this argument, although the Response, generously construed, argues that the plaintiff is not able to specify the relationship between each call and each defendant because that information is held exclusively by the defendants. (Doc. No. 23 at 4–5.)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (omission in *Twombly*). While Rule 8 does not require details, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Lumping defendants together can be problematic if each defendant does not thereby have fair notice of the claims against it. But as our sister court in this circuit recently stated in a TCPA case, "[g]roup pleading, however, is not inherently deficient." *Ohio ex rel. Yost v. Jones*, No. 2:22-cv-02700, 2025 WL 2772466, at *2 (S.D. Ohio Sept. 29, 2025) (citation omitted). Instead, "a group pleading may state a claim against . . . collectively defined defendants where plaintiff plausibly alleges facts showing entitlement to relief for the claimed misconduct." *Garrett v. Morgan Cnty. Sheriff's Off.*, 792 F. Supp. 3d 771,

810 (N.D. Ohio 2025) (quoting *Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp.3d 826, 835 (N.D. Ohio 2021)).

While the Complaint is not a model of clarity, the court finds that the pleading provides the defendants "fair notice" of the sole claim against each of them and on what grounds it rests. The Complaint alleges that the defendants employed a telemarketing campaign for debt-relief services through which the plaintiff was called without her consent, in violation of the TCPA. During intakes calls, the plaintiff was "transferred . . . to an agent with . . . Clarity, who solicited Plaintiff for debt-relief services as part of Defendants' telemarketing campaign." (Compl. ¶ 26.) Then, while on the phone with the plaintiff, Clarity's representative provided the plaintiff "enrollment information and transmitted emails memorializing the debt-relief program." (*Id.* ¶ 27 (citing Doc. No. 10-1).) During those calls, Clarity's representative "sent an electronic signature request . . . for an Aspire Law Group retainer agreement." (*Id.* ¶ 28.) Thus, the Complaint alleges that both defendants are vicariously liable for the artificial or prerecorded calls and voicemails Durham received to her cell phone without her consent. To the extent the Complaint contains "group pleadings," the defendants are not without fair notice of the TCPA claim against each of them.

**C. Consent**

Durham alleges that, without her consent, over the course of several months she received an unspecified number of calls and 150 ringless voicemails. She answered one of those calls and responded to three of those voicemails. The defendants argue that, in so doing, Durham thereby consented to contact by the defendants. (Doc. No. 18 at 13–14.) This argument gets things backwards. As the plaintiff points out (Doc. No. 23 at 3), the TCPA determines consent at the time of the call. 47 U.S.C. § 227(b)(1)(A) ("It shall be unlawful for any person . . . to make any call []other than a call made . . . with the *prior* express consent of the called party[] using any automatic

telephone dialing system or an artificial or prerecorded voice." (emphasis added)). The fact that Durham answered a phone call and spoke to Clarity's representative does not constitute retroactive consent to have received the call. The regulation and cases the defendants cite are not to the contrary. *See* 47 C.F.R. § 64.1200(a)(2) ("No person or entity may . . . . [i]nitiate, or cause to be initiated, any telephone call that . . . constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, . . . other than a call made with the *prior* express written consent of the called party[.]" (emphasis added)); *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 346 (6th Cir. 2016) ("[C]onsumers may give 'prior express consent' under the FCC's interpretations of the TCPA when they provide a cell phone number to one entity as part of a commercial transaction, which then provides the number to another related entity from which the consumer incurs a debt that is part and parcel of the reason they gave the number in the first place."); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1046 (9th Cir. 2017) (finding that the plaintiff "gave prior express consent to receive Defendants' text messages" because he "gave his cellular telephone number for the purpose of a gym membership contract").

**D. Request to Dismiss Class Allegations**

In their Motion to Dismiss and accompanying Memorandum, the defendants "request that the Court dismiss the class allegations," (Doc. No. 17 at 2), and argue that the class allegations should be "dismissed or stricken" because they do not satisfy Rule 23(b)(3)'s requirement that common issues predominate. (Doc. No. 18 at 14–15.) The plaintiff does not respond to this argument, although the court notes that the defendants did not file a separate motion to strike. Without separate briefing on the request to strike class allegations, the court finds that the plaintiff has adequately pleaded facts to support predominance at the pleading stage. In any case, "pre-discovery motions to strike class allegations are disfavored." *Hubble v. loanDepot.com, LLC*, 826 F. Supp. 3d 892, 896, 898 (E.D. Mich. 2025) (denying motion to strike TCPA class allegations).

Moreover, in *Wilson v. Nissan North America, Inc.*, this court denied the defendant's motion to strike TCPA class allegations involving a similar proposed class:

> All persons throughout the United States (1) to whom on [defendant] Nissan North America, Inc.'s behalf Autoweb, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who made an inquiry to Defendants, (3) in connection with which Autoweb, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

*Wilson*, 2026 WL 1081151, at *1, 5. In this case, the proposed "Pre-recorded No Consent Class" contains "[a]ll persons in the United States who from four years prior to the filing of this action through class certification (1) The Defendants' called and/or any entity making calls on behalf of Defendants' (2) using an artificial or pre-recorded voice." (Compl. ¶ 63.) *See also Hubble*, 826 F. Supp. 3d at 895 898 (denying motion to strike class allegations for putative class of "all persons within the United States who from four years prior to the filing of this action through class certification Defendant called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.").

## IV. CONCLUSION

For the foregoing reasons, the defendants' Motion and request to strike class allegations will be denied. The defendants' request to "stay merits discovery pending resolution of any amended pleading," (Doc. No. 17 at 2; Doc. No. 18 at 16; Doc. No. 24 at 5), will be denied.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge